UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JAMES TRACY SPURLING,           )
                                )
    *Petitioner*,              )
                                )     No. 1:13-cv-410-CLC-SKL
v.                              )
                                )
BRUCE WESTBROOKS, Warden,        )
                                )
    *Respondent*.             )

# MEMORANDUM OPINION

This is *a pro se* prisoner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which Petitioner challenges his 2001 McMinn County, Tennessee conviction by a jury for attempted first degree murder (Court File No. 1). (The trial court merged Petitioner's conviction for assault with a deadly weapon into the attempted murder conviction.) For this offense, Petitioner received a total prison sentence of twenty-three years.

Respondent has filed an unopposed motion to dismiss the petition, in which he argues the petition is time-barred under 28 U.S.C. § 2244(d)(1) (Court File No. 6). In support of his motion, Respondent has submitted a brief and parts of the state court record, i.e., copies of decisions of the state court. For reasons which appear below, Respondent's motion will be **GRANTED**.

## I. PROCEDURAL HISTORY

On November 7, 2002, Petitioner's convictions were affirmed on direct appeal by the Tennessee Court of Criminal Appeals ("TCCA"). *State v. Spurling*, No. E2001-006014-CCA-R3-CD, 2002 WL 31487515 (Tenn. Crim. App. Nov. 7, 2002). On March 17, 2003, the

Tennessee Supreme Court ("TSC") denied his application for permission to appeal. *Id*. Petitioner did not file a petition for a writ of certiorari in the Supreme Court.

Petitioner's next challenge to his conviction was mounted under the Tennessee Post-Conviction Procedure Act by means of his filing, on August 9, 2004, a petition for post-conviction relief. *Spurling v. State*, No. E2005-0004-CCA-R3-PC, 2005 WL 3199282, at *1 (Tenn. Crim. App. Nov. 30, 2005). Without holding a hearing, the state trial court denied the petition as time-barred, but the TCCA remanded the case for a hearing as to whether Petitioner qualified for equitable tolling. Following a hearing and a finding that equitable tolling was not warranted, the petition was again dismissed as time-barred (Court File No. 6, Attachment No. 4). Petitioner did not seek review of the trial court's decision in the TCCA.

## II. STATUTE OF LIMITATION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified in 28 U.S.C. § 2241, *et seq*., which amended the federal habeas corpus statutes, imposed a statute of limitation to govern the filing of an application for a federal writ of habeas corpus. (There was no time-restriction for filing a § 2254 petition prior to the amendments.) The limitation statute provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of---
>
> (A) the date on which the judgment became final by the conclusion of direct review . . . .

28 U.S.C. § 2244(d)(1). The time, however, "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

2

Petitioner pursued a direct appeal, including filing an application for permission to appeal to the TSC. As noted, the TSC denied the application on March 17, 2003. Ninety days later (i.e., June 16, 2003), when the time expired for Petitioner to seek review of the state court's decision in the Supreme Court, Petitioner's conviction became final and the AEDPA's one-year clock began. *See Lawrence v. Florida*, 549 U.S. 327 (2007) (acknowledging direct review under § 2244(d)(1)(A) includes review of a state conviction by the Supreme Court); *Clay v. United States*, 537 U.S. 522, 524 (2003) (finding, if no petition for certiorari is filed, the judgment becomes final upon expiration of the 90-day period for seeking certiorari review in the Supreme Court).

The AEDPA clock, triggered on June 16, 2003, began ticking and expired on June 16, 2004, one year later. This petition is deemed to have been filed on December 13, 2013, the date Petitioner signed it (Court File No. 1, Pet. at 14). *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (finding the signing date will be deemed to be the filing date, unless there is evidence to the contrary). Thus, at nine years and six months too late, the petition is untimely under § 2244(d), unless something tolled the limitations period.

Petitioner's state post-conviction petition, filed in the trial court on August 9, 2004 cannot serve to toll § 2244(d)(1)'s limitation period because, by the time the collateral proceedings were initiated, AEDPA's clock had already stopped and there was no time left to toll. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no

3

longer serve to avoid a statute of limitations."); *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002).

Therefore, since the § 2254 application was filed after the lapse of the statute of limitation in § 2244(d)(1)(A), it is untimely.

## III.    EQUITABLE TOLLING

The one-year statute of limitations in AEDPA is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012) (limitations statutes do not require courts to dismiss claims as soon as the "clock has run") (citation omitted). Whether the statute should be equitably tolled depends upon whether a petitioner shows: (1) he has been diligent in pursuing his rights, and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner bears the burden of showing he is entitled to equitable tolling. *Id*. The decision as to whether the statute should be equitably tolled must be made on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Petitioner did not respond to the Warden's motion to dismiss. However, Petitioner suggests in paragraph 18 of his petition (Court File No. 1, Pet. at 13), a paragraph in which an applicant is asked to explain why § 2244(d)'s one year limitation statute does not bar his habeas corpus petition, that he tried to resort to his state court remedies but that the McMinn County justice system is dirty; the TBI in McMinn County is dirty too; and his correspondence to judges, lawyers, and the American Civil Liberties Union shows that "[n]obody cares" about his plight. These arguments provide no basis for the application of equitable tolling. Thus, Petitioner has not carried his burden of showing his case is one of the exceptional ones where equitable tolling is justified. The Court, therefore, finds ADEPA's statute of limitations should not be equitably

4

tolled. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (finding that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

IV. **CONCLUSION**

For the above reasons, the Court will **GRANT** the Warden's motion to dismiss and will **DISMISS** the petition as untimely under § 2244(d). The Court finds Petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of its procedural ruling concerning the timeliness of the petition. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will also **DENY** issuance of a certificate of appealability, 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**